## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRETLAND R. LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-2102-JTM-KGG |
| | ) | |
| ROBERT O. GAARDER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## MEMORANDUM & ORDER GRANTING
## PLAINTIFF'S MOTION TO AMEND

Now before the Court is Plaintiff's "Motion to Amend," requesting permission to file a Third Amended Complaint to bring a claim for punitive damages against Defendant Gaarder and Defendant Dibben Land and Cattle, Inc. (Doc. 79).  For the reasons set forth below, the motion be **GRANTED**.

## BACKGROUND

Plaintiff's Second Amended Complaint, filed on May 27, 2014, brings claims for negligence, negligence *per se*, and negligent hiring, retention, and supervision, resulting from an automobile accident that occurred on June 1, 2010. (Doc. 63.)  The most recent Scheduling Order in this case includes a deadline of June 13, 2014, to amend the pleadings.  (Doc. 60, at 6.)  Plaintiff filed the present Motion Amend on August 27, 2014, after that deadline had expired.  Plaintiff

contends that it did not receive the information supporting the requested claim for

punitive damages until the deposition of Defendant Gaarder, which occurred on

June 18, 2014 – after the expiration of the deadline to move to amend the

pleadings.

Plaintiff brings its motion as one to amend the Complaint under

Fed.R.Civ.P. 15(a) and D.Kan. Rule 15.1.  Because the initial deadline to amend

has expired, Plaintiff also correctly frames the motion as one to modify the

Scheduling Order, which is governed by Fed.R.Civ.P. 16(b)(4).[1]

**1.     Rule 16 Analysis.**

Rule 16(b)(4) mandates that "[a] schedule may be modified only for good

cause and with the judge's consent."

> To establish 'good cause' the moving party must show
> that the scheduling order's deadline could not have been
> met with diligence. ***Parker v. Central Kansas Medical
> Center***, 178 F.Supp.2d 1205, 1210 (D.Kan.2001);
> ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993).
> 'This rule gives trial courts 'wide latitude in entering
> scheduling orders,' and modifications to such orders are

---

[1]  The standard outlined in ***Fusaro v. First Family Mtg. Corp***., 257 Kan. 794, 804
(1995) and discussed by Defendant relates to the procedure in Kansas state courts for
including a claim for punitive damages.  Pursuant to K.S.A. §60-3703, a claim for punitive
damages is prohibited from being plead in the initial state court petition and may only be
allowed by ruling of the court, upon a proper motion, that "there is a probability that the
plaintiff will prevail on the claim . . . ."  This statute does not apply in federal court, as a
claim for punitive damages may be included in a plaintiff's initial pleading.  *See **Vance ex
rel. Wood v. Midwest Coast Transport, Inc**., 314 F.Supp.2d 1089, 1090 (D.Kan. 2004).

2

> reviewed for abuse of discretion.' *In re Daviscourt*, 353
> B.R. 674, (B.A.P. 10th Cir.2006) (citing *Burks v. Okla.*
> *Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir.1996)).

*Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug.

12, 2010).  It is well-established in this District that motions to modify a

scheduling order focus "on the diligence of the party seeking to modify the

scheduling order."  *Id*. (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc*., 245 F.R.D.

524, 528 (D.N.M.2007) (internal citations omitted)).

Plaintiff contends that "[i]t was not until the deposition of Defendant Robert

Gaarder on June 18, 2014[,] that Plaintiff learned" the information he contends

supports a claim for punitive damages.  (Doc. 79-1, at 2-3.)  Defendants do not

address this argument in their response.  (*See generally* Doc. 89.)  As such, the

Court finds that Plaintiff has established good cause pursuant to Fed.R.Civ.P. 16

for not bringing the present motion until after the Scheduling Order's deadline to

do so.

**2.      Rule 15 Analysis.**

Fed.R.Civ.P. 15(a) provides, in pertinent part, that "a party may amend its

pleading only with the opposing party's written consent or the court's leave."  In

the absence of any apparent or declared reason, such as undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure

3

deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir.1992); *see **6 Wright, Miller & Kane, Federal Practice and Procedure*** § 1487 at 642 (1990). Even so, the Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Id.* (*quoting **Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D.Kan. Oct. 12, 2010)).

Based on the discussion above, the Court finds no undue delay, bad faith, or dilatory motive on the part of Plaintiff. Defendants have failed to establish that the amendment would cause them undue prejudice. Defendants have also failed to establish the futility of the claim for punitive damages. While not opining as to the viability of this claim at trial, the Court finds that the requested amendment is appropriate.

4

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 79) be **GRANTED**.  The amended pleading shall be filed on or before November 4, 2014.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 21st day of October, 2014.

     S/ KENNETH G. GALE         
KENNETH G. GALE
United States Magistrate Judge